UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ROBERTS,

    Plaintiff,

v.

STEPHEN HENDERSON, *et al.*,

    Defendants.

Case No. 1:19-cv-00091-EPG (PC)

**FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS CASE BE DISMISSED AS DUPLICATIVE OF CASE NO. 1:18-cv-01237-SAB**

(ECF No. 1)

**TWENTY-ONE (21) DAY DEADLINE**

### I. INTRODUCTION

David Roberts ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On January 22, 2019, Plaintiff commenced this action by filing a Complaint against Stephen Henderson, Sergeant Huckleberry, Officer Lascina, Officer Franco, and medical staff at Kern Valley State Prison ("KVSP"). (ECF No. 1). Plaintiff alleges that six to seven officers punched and kicked him in his head, face, and rips for approximately an hour. *Id.*

A review of the court's records reveals that on August 17, 2018, Plaintiff commenced an action based on similar allegations against Sergeant Huckleberry, Officer Lascina, Officer Franco, and KVSP medical staff. *Roberts v. Huckleberry*, No. 1:18-cv-01237-SAB. As it appears that the instant action is duplicative of *Roberts v. Huckleberry*, the Court will recommend dismissing the instant action and closing this case.

1

## II. LEGAL STANDARD

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams*, 497 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties … to the action, are the same." *Adams*, 497 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.").

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 497 F.3d at 688.

## III. ANALYSIS

On August 17, 2018, Plaintiff commenced *Roberts v. Huckleberry*, No. 1:18-cv-01237-SAB, by filing a complaint against Sergeant Huckleberry, Officer Lascina, Officer Franco, and KVSP medical staff. Plaintiff filed a first amended complaint on September 28, 2018, a second amended complaint on October 9, 2018, and a third amended complaint on November 2, 2018. On November 19, 2018, Plaintiff filed a fourth amended complaint against Sergeant Huckleberry, Officer Lascina, Officer Franco, unnamed KVSP "ISU" officers, unnamed KVSP "IGI" officers, and unnamed KVSP medical staff members. Plaintiff alleges that Sergeant Huckleberry, Officer Franco, and two to three other IGI officers punched and kicked him for

about 45 minutes while he was in handcuffs outside of his cell door when he was on the way to the program complex for debriefing. Plaintiff further alleges that KVSP medical staff members did not treat him, but sent him to Delano Hospital for x-rays. Plaintiff requests compensatory damages.

On January 22, 2019, Plaintiff commenced the instant action, alleging that about six to seven officers, including Stephen Henderson, Sergeant Huckleberry, Officer Lascina, Officer Franco, and KVSP medical staff, punched and kicked him in his head, face, and ribs for about an hour while he was in handcuffs in his housing unit between his cell and the program office. (ECF No. 1). Plaintiff seeks compensatory damages for his injuries as well as health and medical treatment. *Id.*

The instant action is duplicative of *Roberts v. Huckleberry*. The allegations in both cases are the same. Plaintiff seeks relief in the form of compensatory damages in both cases. And, the defendants do not significantly differ between the two actions. Although Plaintiff does not identify Stephen Henderson as a defendant in *Roberts v. Huckleberry*, he does name multiple Doe defendants as participants in the event giving rise to the action. As the allegations in both actions are identical, Stephen Henderson may be named one of the Doe defendants in *Roberts v. Huckleberry*. Thus, this action is duplicative of *Roberts v. Huckleberry*.

**IV.     CONCLUSION AND RECOMMENDATIONS**

The Court finds that the instant action is duplicative of *Roberts v. Huckleberry*, No. 1:18-cv-01237-SAB, a prior-filed action pending in this court, and recommends that the instant action be dismissed.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.     This action be dismissed as duplicative of *Roberts v. Huckleberry*, No. 1:18-cv-01237-SAB; and

2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** of service of these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

3

Recommendations."

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 7, 2019**        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE