# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN HENDERSON, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00091-EPG (PC)<br><br>**ORDER DENYING MOTION FOR COURT TO STOP COLLECTING PARTIAL FILLING FEE**<br><br>(ECF No. 14) |

    David Roberts ("Plaintiff"), a prisoner in the custody of the California Department of Corrections and Rehabilitation, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action on January 22, 2019. (ECF No. 1.) Plaintiff also filed a prior civil rights action, *Roberts v. Huckleberry*, No. 1:18-cv-01237-SAB, on August 17, 2018.

    On February 28, 2019, Plaintiff filed a motion requesting that the court cease collecting from his prisoner trust account the partial payment of the filing fee for *Roberts v. Huckleberry*. (ECF No. 14.) Plaintiff states that *Roberts v. Huckleberry* is an old case, and the collection of funds from his prisoner trust account has left him with only $13.00 per month to buy food and hygiene products from the prison's canteen. Plaintiff further states, "If I can't take care of this 'matter,' then I can't even 'survive' to 'live,' and I will probably [sic] 'kill' myself."

    While the Court is sympathetic to Plaintiff's circumstance, Plaintiff's motion must be

1

denied. Initially, Plaintiff must file any motion concerning *Roberts v. Huckleberry* under case number 1:18-cv-01237-SAB. A review of the court's records reveals that *Roberts v. Huckleberry* is still pending, and on November 19, 2018, Plaintiff filed a fourth amended complaint that is awaiting screening pursuant to 28 U.S.C. §§ 1915 and 1915A.

Plaintiff must also pay the filing fee for commencing an action in this court. Pursuant to 28 U.S.C. § 1915(b)(1):

> [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of— (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

As explained in the Order Granting Application to Proceed In Forma Pauperis and Order Directing Payment of Inmate Filing Fee by California Department of Corrections:

> Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments in the amount of twenty percent of the proceeding month's income credited to plaintiff's trust account. The California Department of Corrections is required to send to the Clerk of the Court payments from plaintiff's account each time the amount in the account exceeds $10.00, until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

*Roberts v. Huckleberry*, No. 1:18-cv-01237-SAB, ECF No. 17. All prisoners proceeding *in forma pauperis* are required to pay the filing fee. Plaintiff is not exempt from this requirement.

Furthermore, Plaintiff does not describe a circumstance that would warrant judicial intervention. Plaintiff does not state that more than twenty percent of his monthly income has been deducted from his trust account in contravention of § 1915(b). Plaintiff also does not state that prison officials have deprived him of food or other necessities in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("The Constitution 'does not mandate comfortable prisons . . . but neither does it permit inhumane ones . . . . The [Eighth]

Amendment also imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates . . ."' (citations omitted)). The court must, therefore, decline to grant the requested relief.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion (ECF No. 14) is denied.

IT IS SO ORDERED.

Dated: **March 4, 2019**

/s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE